| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Luke W. Holler** <br> First Name   Middle Name   Last Name | |
| Debtor 2 <br> (Spouse, if filing) | **Addie B. Holler** <br> First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: <br> (If known) | **25-10672** | |

Western District of Pennsylvania
## Chapter 13 Plan Dated: January 7, 2026

### Part 1:   Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

In the following notice to creditors, you must check each box that applies

**To Creditors:**  *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee:**

Total amount of **$2350** per month for a remaining plan term of **60** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ _____ | $ **2,350.00 TFS** | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |
| | (Income attachments must be used by Debtors having attachable income) | | (SSA direct deposit recipients only) |

**2.2 Additional payments.**

☐   **Unpaid Filing Fees.** The balance of $____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

| Debtor | Luke W. Holler | Case number | 25-10672 |
|---|---|---|---|
|  | Addie B. Holler |  |  |

available funds.

Check one.

[✓] **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

**Part 3:** **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

[ ] **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.
[✓] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **Rocket Mortgage** **8673548057390** | **96 Grant Street Cambridge Springs, PA 16403 Crawford County Residence** **Fair Market Value** | **$1,100.00** | **$1,100.00** | 1/2026 |

Insert additional claims as needed.

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

[✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

Check one.
[ ] **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.
[✓] The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of Creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **Kubota Credit Corp, USA** **111604005** | **2023 Kubota 2724 Mower** **Fair Market Value** | **$7,534.00** | **0.00%** | **$125.57** |

| Debtor | Luke W. Holler | Case number | 25-10672 |
|---|---|---|---|
| | Addie B. Holler | | |

| Name of Creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| Tendto Credit Union 319224764 | 2019 Ram 2500 93,000 miles Vehicle Value Based upon Kelley Blue Book Report | $32,453.00 | 7.00% | $642.61 |

Insert additional claims as needed.

**3.4** **Lien avoidance**.

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5** **Surrender of collateral.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon final confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of Creditor and redacted account number | Collateral |
|---|---|
| PSECU 8658694404L0001 | 2024 Forest River Salem 290RTK Camper - Surrender Fair Market Value |
| Sheffield Financial Co 1529194504 | 2023 Can-Am Maverix Sport ATV - Surrender Fair Market Value |

Insert additional claims as needed.

**3.6** **Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1** **General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

| Debtor | **Luke W. Holler** | Case number | **25-10672** |
|---|---|---|---|
| | **Addie B. Holler** | | |

**4.3**  **Attorney's fees.**

Attorney's fees are payable to **Daniel P. Foster**. In addition to a retainer of $**2000** (of which $__**500**__ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**3,500.00** is to be paid at the rate of $**250.00** per month. Including any retainer paid, a total of $__**5,000.00**__ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $__**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4**  **Priority claims not treated elsewhere in Part 4.**

☑ **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.
Insert additional claims as needed

**4.5**  **Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

☑ **None**. If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

**4.6**  **Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.
☑ **None**. If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7**  **Priority unsecured tax claims paid in full.**

☑ **None**. If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.

**4.8**  **Postpetition utility monthly payments.**

The provisions of this Section 4.8 are available only if the utility provider has agreed to this treatment. The charges for post petition utility service are allowed as an administrative claim. These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. Any unpaid post petition utility claims will survive discharge and the utility may require additional funds from
the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $**11400** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $**1500** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The

| Debtor | **Luke W. Holler** | Case number | **25-10672** |
|---|---|---|---|
| | **Addie B. Holler** | | |

estimated percentage of payment to general unsecured creditors is **9.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.**

Check one.

☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8:    General Principles Applicable to All Chapter 13 Plans

8.1    This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

8.2    Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

8.3    The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

8.4    Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

8.5    Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

Level One:    Unpaid filing fees.
Level Two:    Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.

| Debtor | Luke W. Holler | Case number | 25-10672 |
|---|---|---|---|
| | Addie B. Holler | | |

    Level Three:    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
    Level Four:    Priority Domestic Support Obligations.
    Level Five:    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
    Level Six:    All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
    Level Seven:    Allowed nonpriority unsecured claims.
    Level Eight:    Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

## Part 9: Nonstandard Plan Provisions

**9.1** **Check "None" or List Nonstandard Plan Provisions**
    [✓] **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

## Part 10: Signatures:

**10.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s),order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

| X /s/ Luke W. Holler | X /s/ Addie B. Holler |
|---|---|
| **Luke W. Holler** | **Addie B. Holler** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on    1/7/2026 | Executed on    1/7/2026 |

X /s/ Daniel P. Foster      Date   1/7/2026
**Daniel P. Foster**
Signature of debtor(s)' attorney

| Debtor | **Luke W. Holler** | Case number | **25-10672** |
|---|---|---|---|
| | **Addie B. Holler** | | |

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-10672-JCM |
| Luke W. Holler | Chapter 13 |
| Addie B. Holler | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: auto | Page 1 of 3 |
| Date Rcvd: Jan 08, 2026 | Form ID: pdf900 | Total Noticed: 48 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 10, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Luke W. Holler, Addie B. Holler, 96 Grant Street, Cambridge Springs, PA 16403-1012 |
| 16614391 | | Concora Credit, PO Box 84049, Beaverton, OR 97076-4477 |
| 16613555 | + | Meadville Medical Center, PO Box 801696, Kansas City, MO 64180-1696 |
| 16613558 | + | Pscu/tendto Credit Uni, 1129 State St, Erie, PA 16501-1911 |
| 16613568 | + | Synchrony Bank/Park West Gallery CC, Synchrony Bank, Attn: Bankruptcy Dept., P.O. Box 965065, Orlando, FL 32896-5065 |
| 16613573 | + | Tendto Credit Union, 1129 State St, Erie, PA 16501-1911 |
| 16618865 | + | Tendto Credit Union, c/o Carol F. Layton, Payment Solutions Manager, 1129 State Street, Erie, PA 16501-1911 |
| 16613576 | + | UPMC Life Changing Medicine, 2 Hot Metal Street, Dist Room 386, Pittsburgh, PA 15203-2348 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 16613538 | + | Email/PDF: AffirmBKNotifications@resurgent.com | Jan 09 2026 00:01:18 | Affirm, Inc., Attn: Bankruptcy, 650 California St, Fl 12, San Francisco, CA 94108-2716 |
| 16613539 | + | Email/Text: bk@avant.com | Jan 08 2026 23:54:00 | Avant/WebBank, 222 North Lasalle Street, Suite 1600, Chicago, IL 60601-1112 |
| 16613540 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 09 2026 00:01:22 | Capital One, AttN: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 16613541 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 09 2026 00:01:16 | Capital One/Menards, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 16613542 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jan 09 2026 00:01:12 | Citibank, Attn: Bankruptcy Department, P.O.Box 790046, St. Louis, MO 63179-0046 |
| 16613543 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jan 09 2026 00:01:23 | Citibank/The Home Depot, Citicorp Cr Srvs/Centralized Bankruptcy, Po Box 790046, St Louis, MO 63179-0046 |
| 16613544 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jan 08 2026 23:54:00 | Comenity Bank/Jared, Attn: Bankruptcy, P.O. Box 182125, Columbus, OH 43218-2125 |
| 16613545 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jan 08 2026 23:54:00 | Comenity Bank/Maurices, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 16613546 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jan 08 2026 23:54:00 | Comenity Bank/Torrid, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 16613547 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jan 08 2026 23:54:00 | Comenity Bk/Ulta, Attn: Bankruptcy, Po Box 182273, Columbus, OH 43218-2273 |
| 16613548 | + | Email/PDF: creditonebknotifications@resurgent.com | Jan 09 2026 00:01:17 | Credit One Bank, Attn: Bankruptcy Department, 6801 Cimarron Rd, Las Vegas, NV 89113-2273 |
| 16613549 | + | Email/Text: ElectronicBkyDocs@nelnet.studentaid.gov | Jan 08 2026 23:54:00 | Dept Of Education/neln, Po Box 82561, Lincoln, NE 68501-2561 |

Case 25-10672-JCM   Doc 21   Filed 01/10/26   Entered 01/11/26 00:28:41   Desc Imaged
Certificate of Notice   Page 9 of 10

| District/off: 0315-1 | User: auto | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jan 08, 2026 | Form ID: pdf900 | Total Noticed: 48 |

| | | | |
|---|---|---|---|
| 16614392 | + Email/Text: GenesisFS@ebn.phinsolutions.com | Jan 08 2026 23:54:00 | Destiny Mastercard, c/o Concora Credit, Inc, P.O. Box 4477, Beaverton, OR 97076-4401 |
| 16613550 | + Email/Text: kslater@eriefcu.org | Jan 08 2026 23:54:00 | Erie Federal Credit Union, Attn: Bankruptcy Dept, 3503 Peach Street, Erie, PA 16508-2741 |
| 16613551 | + Email/Text: bnc-bluestem@quantum3group.com | Jan 08 2026 23:54:00 | Fingerhut Fetti/Webbank, Attn: Bankruptcy, 6250 Ridgewood Road, Saint Cloud, MN 56303-0820 |
| 16613552 | + Email/Text: GenesisFS@ebn.phinsolutions.com | Jan 08 2026 23:54:00 | Genesis FS Card Services, Attn: Bankruptcy, Po Box 4477, Beaverton, OR 97076-4401 |
| 16614393 | + Email/Text: GenesisFS@ebn.phinsolutions.com | Jan 08 2026 23:54:00 | Indigo Celtic Bank, 268 South State Street, Suite 300, Salt Lake City, UT 84111-5314 |
| 16613553 | ^ MEBN | Jan 08 2026 23:52:58 | Kubota Credit Corp, USA, Attn: Bankruptcy, 1000 Kubota Drive,, Grapevine, TX 76051-2334 |
| 16613557 | Email/Text: ml-ebn@missionlane.com | Jan 08 2026 23:54:00 | Mission Lane LLC, Mission Lane LLC, Attn: Bankruptcy, Po Box 105286, Atlanta, GA 30348 |
| 16613554 | + Email/Text: bankruptcy@marinerfinance.com | Jan 08 2026 23:54:00 | Mariner Finance, Attn: Bankruptcy, 8211 Town Center Drive, Nottingham, MD 21236-5904 |
| 16613556 | + Email/PDF: MerrickBKNotifications@Resurgent.com | Jan 09 2026 00:01:16 | Merrick Bank Corp, Po Box 9201, Old Bethpage, NY 11804-9001 |
| 16613559 | + Email/Text: bankruptcynotices@psecu.com | Jan 08 2026 23:54:00 | PSECU, Attention: Bankruptcy, Po Box 67013, Harrisburg, PA 17106-7013 |
| 16618438 | Email/Text: bnc-quantum@quantum3group.com | Jan 08 2026 23:54:00 | Quantum3 Group LLC as agent for, Concora Credit Inc., PO Box 788, Kirkland, WA 98083-0788 |
| 16613560 | + Email/Text: bankruptcyteam@rocketmortgage.com | Jan 08 2026 23:54:00 | Rocket Mortgage, Attn: Bankruptcy, 1050 Woodward Avenue, Detroit, MI 48226-3573 |
| 16613561 | + Email/Text: bankruptcy@bbandt.com | Jan 08 2026 23:54:00 | Sheffield Financial Co, Po Box 849, Wilson, NC 27894-0849 |
| 16613562 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:11 | Syncb/Car Care Summi, Attn: Bankruptcy, P.O. Box 965065,, Orlando, FL 32896-5065 |
| 16613563 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:10 | Syncb/Harbor Freight, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 16613564 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:22 | Syncb/Venmo, Attn: Bankruptcy, P.O. Box 965065, Orlando, FL 32896-5065 |
| 16613565 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:22 | Synchrony Bank/Care Credit, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 16613566 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:22 | Synchrony Bank/Gap, Attn: Bankruptcy Dept, P.O. Box 965065, Orlando, FL 32896-5065 |
| 16613567 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:10 | Synchrony Bank/Lowes, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 16613569 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:16 | Synchrony Bank/TJX, Attn: Bankruptcy, Po Box 965065, Orlando, FL 32896-5065 |
| 16613570 | + Email/PDF: ais.sync.ebn@aisinfo.com | Jan 09 2026 00:01:16 | Synchrony/PayPal Credit, Attn: Bankruptcy, Po Box 965064, Orlando, FL 32896-5064 |
| 16616894 | ^ MEBN | Jan 08 2026 23:52:52 | TD Bank, N.A., PO BOX 1931, Burlingame, CA 94011-1931 |
| 16613571 | Email/Text: GenesisFS@ebn.phinsolutions.com | Jan 08 2026 23:54:00 | Tbom/cci Mc, 14600 Northwest, Beaverton, OR 97006 |
| 16613572 | + Email/Text: bankruptcy@td.com | Jan 08 2026 23:54:00 | Tdrcs/yard Card X, Td Retail Card Services, Attn: Bankruptc, Po Box 100114, Columbia, SC 29202-3114 |
| 16618007 | + Email/Text: ElectronicBkyDocs@nelnet.studentaid.gov | | |

|  |  | Jan 08 2026 23:54:00 | U.S. Department of Education c/o Nelnet, 121 S 13th St, Lincoln, NE 68508-1904 |
| --- | --- | --- | --- |
| 16613574 | Email/Text: bknotice@upgrade.com | Jan 08 2026 23:54:00 | Upgrade, Inc., Attn: Bankruptcy, 275 Battery Street 23rd Floor, San Francisco, CA 94111 |
| 16613575 | Email/Text: bknotice@upgrade.com | Jan 08 2026 23:54:00 | Uplift/cb, Attn: Bankruptcy, 275 Battery Street, Suite 2300, San Francisco, CA 94111 |
| 16613577 | + Email/PDF: ais.BankruptcynoticesCCSBKOperations@aisinfo.com | Jan 09 2026 00:01:17 | Wells Fargo Jewelry Advantage, Attn: Bankruptcy, Pob 10438 Mac F8235-02f, Des Moines, IA 50306-0438 |

TOTAL: 40

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
| --- | --- | --- |
| cr |  | Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/ |
| cr |  | Tendto Credit Union |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 10, 2026           Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 8, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Daniel P. Foster | on behalf of Debtor Luke W. Holler dan@mrdebtbuster.com katie@mrdebtbuster.com;marci@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Daniel P. Foster | on behalf of Joint Debtor Addie B. Holler dan@mrdebtbuster.com katie@mrdebtbuster.com;marci@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Matthew Fissel | on behalf of Creditor Rocket Mortgage  LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Nicholas R. Pagliari | on behalf of Creditor Tendto Credit Union npagliari@mijb.com  sburick@mijb.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 6